UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FANNIE MAE,<br><br>　　Plaintiff<br><br>v.<br><br>Capital Senior Living Properties 2 - Gramercy, Inc., CSL Bridle Brook, LLC, CSL Canton GA, LLC, CSL Charlestown, LLC, CSL Dillon Pointe SC, LLC, CSL Fort Wayne LLC, CSL Harbor Court, LLC, CSL Middletown, LLC, CSL Oshkosh, LLC, CSL Peachtree LLC, CSL Plainfield, LLC, CSL Richmond Heights, LLC, CSL Roanoke, LLC, CSL Whitcomb House, LLC, Triad Senior Living III, L.P.,<br><br>　　Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff Fannie Mae files this Complaint against Capital Senior Living Properties 2 - Gramercy, Inc., CSL Bridle Brook, LLC, CSL Canton GA, LLC, CSL Charlestown, LLC, CSL Dillon Pointe SC, LLC, CSL Fort Wayne LLC, CSL Harbor Court, LLC, CSL Middletown, LLC, CSL Oshkosh, LLC, CSL Peachtree LLC, CSL Plainfield, LLC, CSL Richmond Heights, LLC, CSL Roanoke, LLC, CSL Whitcomb House, LLC, and Triad Senior Living III, L.P. ("***Defendants***" or "***Borrowers***").

### I.　　The Parties

1.　　Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States. Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B).

2.　　Defendant Capital Senior Living Properties 2 - Gramercy, Inc. is a Delaware corporation with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. Capital Senior Living Properties 2 - Gramercy, Inc. may be served through its

registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant CSL Bridle Brook, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Bridle Brook, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant CSL Canton GA, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Canton GA, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5. Defendant CSL Charlestown, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Charlestown, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6. Defendant CSL Dillon Pointe SC, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Dillon Pointe SC, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7. Defendant CSL Fort Wayne LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Fort Wayne LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

8. Defendant CSL Harbor Court, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Harbor Court, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

9. Defendant CSL Middletown, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Middletown, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10. Defendant CSL Oshkosh, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Oshkosh, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

11. Defendant CSL Peachtree, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Peachtree, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

12. Defendant CSL Plainfield, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Plainfield, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

13. Defendant CSL Richmond Heights, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254.

CSL Richmond Heights, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

14. Defendant CSL Roanoke, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Roanoke, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

15. Defendant CSL Whitcomb House, LLC is a Delaware limited liability company with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. CSL Whitcomb House, LLC may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

16. Defendant Triad Servicing III, LP is a Texas limited partnership with its principal place of business at 14160 Dallas Parkway, Suite 300, Dallas, Texas 75254. Triad Servicing III, LP may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II. Diversity Jurisdiction

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy (over $200 million) exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendants are citizens of different states.

18. Plaintiff is deemed to be a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B).

19. Defendant Capital Senior Living Properties 2 - Gramercy, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.

20. Each of defendants CSL Bridle Brook, LLC, CSL Canton GA, LLC, CSL Charlestown, LLC, CSL Dillon Pointe SC, LLC, CSL Fort Wayne LLC, CSL Middletown, LLC, CSL Oshkosh, LLC, CSL Peachtree, LLC, CSL Plainfield, LLC, CSL Roanoke, LLC, and CSL Whitcomb House, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas, whose sole member is Capital Senior Living Properties 4, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

21. Defendant CSL Richmond Heights, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas, whose sole member is CSL Ohio JV, LLC, a Delaware limited liability company with its principal place of business in Dallas, Texas, whose sole member is Capital Senior Living Properties 4, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

22. Defendants CSL Harbor Court, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas, whose sole member is Capital Senior Living Properties, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

23. Defendant Triad Servicing III, LP is a Texas limited partnership with its principal place of business in Dallas, Texas whose general partner is Capital Senior Living Properties 5, Inc., a Delaware corporation with its principal place of business in Dallas, Texas.

### III. Personal Jurisdiction and Venue

24. This Court has personal jurisdiction over Defendants because this lawsuit arises out of, and is connected with actions by Defendants in Texas. Specifically, and without limitation, Defendants own 18 senior housing communities located in ten states (including in the Northern District of Texas) and each Defendant's principal place of business is located in Dallas, Texas. The loan documents at issue were executed by Defendants in Dallas, Texas.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### IV. Factual Background

26. The Defendants own 18 senior housing communities located in ten states (each a "*Facility*" and collectively, the "*Facilities*"). Each of the Defendants has executed one or more notes (collectively, the "*Notes*") that evidence debt owed to Fannie Mae (collectively, the "*Loans*"). Each of the Loans is further evidenced by a Multifamily Loan and Security Agreement (collectively, the "*Loan Agreements*"). Each of the Loans is secured by a Facility, as well as the real property on which the Facility is located and the personal property of each Defendant (collectively, as fully defined in the applicable deed of trust or mortgage, the "*Property*").

27. The Notes, the Loan Agreements, the applicable mortgages or deeds of trust, and all other documents and instruments securing or evidencing the Loans are hereinafter collectively referred to as the "*Loan Documents*." Fannie Mae is the owner and holder of the Notes and is the assignee of the Loan Documents.

### V. The Defaults

28. On May 6, 2020, each Defendant executed a Forbearance Agreement (the "*Forbearance Agreements*"). Through separate Extension Agreements executed effective as of July 8, 2020, the "Forbearance Expiration Date" in the Forbearance Agreements was extended through July 31, 2020. In the Forbearance Agreements and Extension Agreements, each Defendant expressly acknowledged that it was in default under its Loan Documents with Fannie Mae. Without limitation, each of the Loans and Notes are delinquent for the months of April, May, June, July, and August 2020. Each Defendant was required to bring its Loan current on or

before the Forbearance Expiration Date, but failed to do so. Such failure constitutes an automatic "Event of Default" under Section 14.01(a)(1) of the Loan Agreements.

29. As a result of the Event of Default, each Defendant's license to collect rents from each Property has automatically terminated pursuant to Section 3(c) of each mortgage or deed of trust.

### VI. Remedies for Default

30. Each mortgage or deed of trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon each Property or any part thereof to take possession of each Property, either personally or through its agents; (ii) the applicable Defendant's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for each Property. Each mortgage or deed of trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, each Defendant expressly consents to the appointment of a receiver, including an appointment *ex parte*.

31. By separate motion, Fannie Mae will seek the appointment of a Receiver over each Property.

32. Each mortgage or deed of trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the mortgage or deed of trust.

33. Each mortgage or deed of trust further provides that each Defendant agrees to pay all costs and expenses incurred by Fannie Mae in pursuing remedies.

### VII.   Cause of Action for Breach of Contract against Defendants

34. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

35. The Loan Documents constitute a binding contractual relationship between the parties. Fannie Mae has performed all of its obligations under the Loan Documents.

36. Defendants' acts and omissions constitute breaches of the Loan Documents.

37. As a direct and proximate result of the Defendants' defaults, Fannie Mae has incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which Fannie Mae seeks recovery from the Defendants.

38. All conditions precedent to Fannie Mae's recovery have been performed, have occurred, or have otherwise been waived.

### VIII.   Attorneys' Fees

39. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

40. Pursuant to the Loan Documents, including without limitation Sections 4 and 6 of each mortgage or deeds of trust, Fannie Mae seeks recover of its attorneys' fees and expenses expended to enforce its rights under the Loan Documents.

### IX.   Prayer

Wherefore, Fannie Mae prays that Defendants be cited to appear and make answer herein and that Fannie Mae have a judgment against Defendants as follows:

1. That a receiver be appointed, as requested in Fannie Mate's contemporaneously filed Agreed Application for Appointment of Receiver; and

2. That upon final trial, Fannie Mae be awarded the actual damages incurred by Fannie Mae as a result of Defendants' defaults, prejudgment and postjudgment interest at the maximum lawful amount, expense, including attorneys' fees incurred in enforcing Fannie Mae's contractual rights, costs of court and any such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: August 21, 2020

Respectfully submitted,

By: */s/ Keith M. Aurzada*
Keith M. Aurzada
Texas Bar No. 24009880
Jay L. Krystinik
Texas Bar No. 24041279
Devan J. Dal Col
Texas Bar No. 24116244
**REED SMITH LLP**
2501 N. Harwood St., Ste. 1700
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
kaurzada@reedsmith.com
jkrystinik@reedsmith.com
ddalcol@reedsmith.com

*Attorneys for Fannie Mae*